UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 07-20151-01-JWL |
| | ) |
| MICHAEL D. WATTREE, | ) |
| | ) |
| Defendant. | ) |

## AMENDED DETENTION ORDER

### A.   Order for Detention.

After conducting a detention hearing pursuant to 18 U.S.C. § 3142(f), the court orders the defendant detained pursuant to 18 U.S.C. §§ 3142(e) & (i).

### B.   Statement of Reasons for Detention.

As its ultimate reason(s) for detaining defendant, the court finds:

☒ by a preponderance of the evidence, that no condition or combination of conditions will reasonably assure the appearance of defendant as required, i.e., defendant poses a serious flight risk.

☐ by clear and convincing evidence, that no condition or combinations of conditions will reasonably assure the safety of any other person or the community.

☐ specifically, and without limitation of the foregoing, defendant poses a serious risk of _____.

☐ there is clear and convincing evidence that defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness.

**C.    Findings of Fact.**

The court's findings are based on the evidence presented in court, and information contained in the pretrial services report, including the following:

☒ (1)    Nature and circumstances of the offense charged:

    ☒ (a)    The crime:    Title 18 U.S.C. § 922 - Felon in Possession of a Firearm
                                  Title 18 U.S.C. § 922 - User of a Controlled Substance in Possession of a Firearm
    ☒ (b)    The offense is a crime of violence.
    ☐ (c)    The offense involves a narcotic drug.
    ☐ (d)    The offense involves a large amount of controlled substances.

☒ (2)    The record and weight of the evidence indicate that the Government has a fairly strong case against defendant.

☒ (3)    The history and characteristics of defendant, including:

    (a)    General factors:

        ☐ Defendant appears to be a person of poor character.
        ☒ Defendant appears to have a mental condition which may affect whether defendant will appear.
        ☐ Defendant has no significant family ties in the area.
        ☐ Defendant is unemployed.
        ☐ Defendant has substantial financial resources.
        ☐ Defendant is not a long-time resident of the community.
        ☐ Defendant does not have significant community ties.
        ☒ Past conduct of defendant:   use of alias names   .
        ☒ Defendant has a history relating to drug and/or alcohol abuse.
        ☒ Defendant has a significant prior criminal record.
        ☒ Defendant has a prior record of failing to appear at court proceedings on several occasions.
        ☒ Defendant has a prior record of failing to comply with conditions of release on several occasions.

    (b)    At the time of the current arrest, defendant was on:

        ☐ probation.
        ☐ parole.
        ☐ release pending trial, sentence, appeal, or completion of sentence.

    (c)    Other factors:

- ☐ Defendant is an illegal alien and is subject to deportation.
- ☐ Defendant is a legal alien and will be subject to deportation if convicted.
- ☒ Other: <u>unverified & inconsistent information about where defendant resides, and also whether defendant pays rent at said residence</u>.

☐ (4) The threat of continued _____ if defendant were released poses a serious risk of danger to the community.

☒ (5) Rebuttable presumptions.

In determining that defendant should be detained, the court also relied on the following rebuttable presumption(s) contained in 18 U.S.C. § 3142(e):

☒ a. There is probable cause to believe that defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed:

- ☒ in the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*;
- ☐ in the Controlled Substances Import and Export Act, 21 U.S.C. § 951 *et seq.;* or
- ☐ in the Maritime Drug Law Enforcement Act, 46 U.S.C. App. § 1901 et seq.

☐ b. There is probable cause to believe that defendant committed:

- ☐ an offense under 18 U.S.C. § 924(c) (use of a firearm in connection with drug trafficking or any felony-level crime of violence);
- ☐ an offense under 18 U.S.C. § 956(a) (conspiracy to kill, kidnap, or injure persons or damage property in a foreign country).
- ☐ an offense under 18 U.S.C. § 2332(b) (terrorism transcending national boundaries)

☐ c. (1) The crime charged in the present case is one described in § 3142(f)(1), i.e.,

- ☐ (A) a crime of violence;
- ☐ (B) an offense for which the maximum penalty is life imprisonment or death;
- ☐ (C) a controlled substance violation that has a maximum penalty of ten years or more; <u>or</u>
- ☐ (D) any felony and defendant previously was convicted of two or more of the offenses described in subparagraphs (A) - (C) of this paragraph;

AND

(2)      defendant previously has been convicted of one of the crimes listed in the above-described subparagraphs (A)-(C);

(3)      the offense referred to in subparagraph (2) immediately above was committed while defendant was on release pending trial for a federal, state, or local offense; AND

(4)      not more than five years has elapsed since the date of conviction or release from imprisonment for the offense referred to in subparagraph (2).

☐ d. Defendant has rebutted the above-described statutory rebuttable presumption, but said presumption nonetheless remains a factor (among all others) to be considered in deciding whether to detain defendant.

☒ e. Defendant has failed to rebut the above-described statutory rebuttable presumption.

**D.**      **Additional Directives.**

Pursuant to 18 U.S.C. §§ 3142(i)(2)-(4), the court directs that defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded reasonable opportunity for private consultation with his counsel. On order of a court of the United States, or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated:    December 26, 2007          s/ James P. O'Hara
                                                             James P. O'Hara
                                                             U.S. Magistrate Judge